UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NANCY RIHM, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04545-SEB-TAB |
| | ) | |
| ETHICON, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter was remanded to our docket from Multi-District Litigation ("MDL") No. 2327, *In re Ethicon Inc., Pelvic Repair System Products Liability Litigation*. As we have explained in prior orders, discovery in the Ethicon MDL proceeded in various waves ("Waves"), with these Plaintiffs' case being included in Wave 6. Now before the Court are ten motions—four filed by Plaintiffs and six filed by Defendants—seeking to strike expert witnesses, all of which motions were originally filed during prior Waves of the Ethicon MDL.[1] Dkt. Nos. 87–90; 92–93; 95–98. Each of these motions was fully briefed as part of earlier discovery Waves and the MDL Court (Hon. Joseph R. Goodwin) issued *Daubert* orders as to them during those earlier Waves, and subsequently adopted those orders in other Wave 6 cases (collectively, "the MDL Orders"). The MDL Orders

---

[1] The experts who are the subject of these motions to exclude are general causation experts (*i.e.*, experts whom the parties might call to testify in a broad range of cases aggregated in the MDL). Also pending here is one case-specific *Daubert* motion filed by Defendants that has no related order entered by the MDL Court. That motion [Dkt. 94] will be addressed by us in a separate entry.

1

have not yet been entered in this Wave 6 case, however, because Judge Goodwin has recused himself from this action and the newly-assigned judge had not adopted the MDL Orders by the time the case was remanded to our court.

## I. Adoption of the MDL Orders

Having now reviewed all the *Daubert* motions filed by each party in this case as well as the MDL Court's orders addressing these same motions in earlier Waves and its subsequent orders adopting its original orders in other Wave 6 cases, we adopt these rulings here under the law of the case doctrine and for purposes of judicial efficiency.

The law of the case doctrine provides that "a ruling made in an earlier phase of a litigation controls the later phases unless a good reason is shown to depart from it." *Tice v. American Airlines, Inc.*, 373 F.3d 851, 853 (7th Cir. 2004); *see also HK Sys., Inc. v. Eaton Corp.*, 553 F.3d 1086, 1089 (7th Cir. 2009) ("The doctrine of law of the case counsels against a judge's changing an earlier ruling that he made in the same case … or that his predecessor as presiding judge had made.") (citations omitted). "Generally speaking, a successor judge should not reconsider the decision of a transferor judge at the same hierarchical level of the judiciary when a case is transferred." *Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005). The law of the case doctrine "authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006). However, "[l]itigants have a right to expect that a change in judges will not mean going back to square one. The second judge may alter previous rulings if new information convinces him that they are incorrect, but

he is not free to do so even though the time for reconsideration has not expired, merely because he has a different view of the law or facts from the first judge." *Williams v. C.I.R.*, 1 F.3d 502, 503 (7th Cir. 1993). "It would vitiate most of the purpose of consolidating litigation if, after remand, parties could simply re-visit the transferee court's pre-trial rulings …." *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 n.5 (7th Cir. 1996).

Our research discloses a paucity of case law addressing the applicability of the law of the case doctrine under the circumstances presented here, to wit, where pretrial orders issued by the MDL court were not adopted before remand. However, in a case recently remanded from the Ethicon MDL, the Eastern District of Kentucky court adopted the MDL Court's prior *Daubert* orders as law of the case under analogous circumstances to those presented here. *Cutter v. Ethicon, Inc.*, No. 5:19-443-DCR, 2020 WL 2060342, at *2 (E.D. Ky. Apr. 29, 2020) ("[T]reating issues resolved in a MDL as the law of the case generally accords with the purpose of 28 U.S.C. § 1407; that is, promoting judicial efficiency by coordinating and consolidating pretrial proceedings."). As was true in *Cutter*, the parties here have not argued, nor do we find, that there is a compelling reason, such as a change or clarification in the law, which would warrant diverging from the MDL Orders issued by Judge Goodwin under the law of the case doctrine.

Even if the MDL Orders were not strictly law of the case, having never been adopted in this specific Wave 6 case prior to remand, we find the adoption of those orders nonetheless appropriate and just as "best serv[ing] Rule 1 of the Rules of Civil Procedure." *Caldera v. Ethicon, Inc.*, No. 20-cv-00081-RM-STV, 2020 WL 728740, at *2 (D. Col. Feb. 13, 2020); *see also Hill v. Ethicon Inc.*, No. 7:19-cv-00123-O, 2020 WL

3

3485579, at *3 (N.D. Tex. Feb. 28, 2020) ("The MDL Court has already assessed the admissibility of these experts' opinions and has adopted its original Wave 1 orders in subsequent waves. … Having reviewed the Wave 1 orders, the Court deems it appropriate to do the same."). The experts who are challenged in the parties' motions are all case-wide witnesses, having been retained to testify in a broad range of cases in the Ethicon MDL, and the admissibility of their opinions has already been fully and ably assessed by the MDL Court on two occasions—once as part of prior discovery waves, and again, when the court adopted those orders in subsequent waves, including other Wave 6 cases. In light of these circumstances, we also will adopt the MDL Orders in our case.

Specifically, we hereby ADOPT the MDL Court's prior orders as they relate to the parties' pending general causation *Daubert* motions.[2] The parties' *Daubert* motions and the corresponding MDL Orders which the Court adopts are as follows:

(1) FDA Expert Timothy Ulatowski:

- Plaintiffs' Motion to Exclude [Dkt. 87]
- Memorandum Opinion and Order Regarding Ulatowski [Dkt. 106-4, Exh. B]
- Order Adopting Memorandum Opinion and Order [Dkt. 106-4]

(2) Kimberly Kenton, M.D.:

- Plaintiffs' Motion to Exclude [Dkt. 88]
- Memorandum Opinion and Order Regarding Kenton [Dkt. 106-2, Exh. B]

---

[2] Any objections to the MDL Orders previously raised by the parties are preserved for appellate review.

- Order Adopting Memorandum Opinion and Order [Dkt. 106-2]

(3) <u>Elaine Duncan, M.D.</u>:

- Plaintiffs' Motion to Exclude [Dkt. 89]

- Memorandum Opinion and Order Regarding Duncan [Dkt. 106-1, Exh. B]

- Order Adopting Memorandum Opinion and Order [Dkt. 106-1]

(4) <u>Shelby Thames</u>:

- Plaintiffs' Motion to Exclude [Dkt. 90]

- Memorandum Opinion and Order Regarding Thames [Dkt. 106-3, Exh. B]

- Order Adopting Memorandum Opinion and Order [Dkt. 106-3]

(5) <u>Uwe Klinge, M.D.</u>:

- Defendants' Motion to Exclude [Dkt. 92]

- Memorandum Opinion and Order Regarding Klinge [Dkt. 92-8, Exh. B]

- Order Adopting Memorandum Opinion and Order [Dkt. 92-8]

(6) <u>Michael Thomas Margolis, M.D.</u>:

- Defendants' Motion to Exclude [Dkt. 93]

- Memorandum Opinion and Order Regarding Margolis [Dkt. 93-8, Exh. B]

- Order Adopting Memorandum Opinion and Order [Dkt. 93-8]

(7) <u>Suzanne Parisian, M.D.</u>:

- Defendants' Motion to Exclude [Dkt. 95]

- Memorandum Opinion and Order Regarding Parisian [Dkt. 95-8, Exh. B]

- Order Adopting Memorandum Opinion and Order [Dkt. 95-8]

(8) <u>Peggy Pence, Ph.D.</u>:

- Defendants' Motion to Exclude [Dkt. 96]
- Memorandum Opinion and Order Regarding Pence [Dkt. 96-7, Exh. B]
- Order Adopting Memorandum Opinion and Order [Dkt. 96-7]

(9) <u>Bruce Rosenzweig, M.D.</u>:

- Defendants' Motion to Exclude [Dkt. 97]
- Memorandum Opinion and Order Regarding Rosenzweig [Dkt. 97-9, Exh. B]
- Order Adopting Memorandum Opinion and Order [Dkt. 97-9]

(10) <u>Vladimir Iakovlev, M.D.</u>:

- Defendants' Motion to Exclude [Dkt. 98]
- Memorandum Opinion and Order Regarding Iakovlev [Dkt. 98-13, Exh. B]
- Order Adopting Memorandum Opinion and Order [Dkt. 98-13]

## II.   Remaining Issues

To the extent the MDL Orders reserved *Daubert* issues for this court to decide following a hearing in advance of trial or at trial, we defer any determinations at this time, given that, as we approach the trial date, these issues may be further narrowed as the parties clarify the scope of the general causation expert testimony they intend to present at trial. Accordingly, insofar as the parties have raised in these motions *Daubert*

challenges not previously addressed in the MDL Orders, we RESERVE those challenges for resolution at the time of trial.

    IT IS SO ORDERED.

Date: _____9/3/2020_____     _____
                                                                                         SARAH EVANS BARKER, JUDGE
                                                                                         United States District Court
                                                                                         Southern District of Indiana

Distribution:

Lee B. Balefsky
KLINE & SPECTER
lee.balefsky@klinespecter.com

Christopher A. Gomez
KLINE & SPECTER
chris.gomez@klinespecter.com

Braden R. Lepisto
KLINE & SPECTER
braden.lepisto@klinespecter.com

Kimberly C. Metzger
ICE MILLER LLP (Indianapolis)
kimberly.metzger@icemiller.com

Ellen Pactor
ICE MILLER LLP (Indianapolis)
ellen.pactor@icemiller.com

Matthew J. Schad
SCHAD & SCHAD
mschad@schadlaw.com